# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0726V
UNPUBLISHED

| | |
|---|---|
| FRANK GIBBS,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: May 5, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Matthew Murphy, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On May 16, 2019, Frank Gibbs filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered left shoulder injuries related to vaccine administration ("SIRVA") as a result of a Tetanus Diphtheria acellular Pertussis ("Tdap") vaccine received on June 14, 2018. Petition at 1. Petitioner further alleges that he received the vaccine in the United States, his pain lasted longer than six months, and that neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for Petitioner's vaccine-related injury. Petition at ¶¶ 1, 7, 8; Ex. 1 at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 17, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On May 5, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $101,289.03. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $101,289.03 (representing $100,000.00 in pain and suffering and $1,289.03 in unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| FRANK GIBBS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 19-726V<br>Chief Special Master Corcoran<br>ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On May 16, 2019, Frank Gibbs ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine he received on June 14, 2018. Petition at 1. On March 16, 2022, the Secretary of Health and Human Services ("respondent") filed an Amended Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on March 17, 2022, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 43; ECF No. 45.

**I.    Items of Compensation**

   A.   Pain and Suffering

Respondent proffers that petitioner should be awarded $100,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,289.03. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.  Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $101,289.03, in the form of a check payable to petitioner.

III.  Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Frank Gibbs:           **$101,289.03**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

                              TRACI R. PATTON
                              Assistant Director
                              Torts Branch, Civil Division

                              s/ *Matthew L. Murphy*
                              Matthew L. Murphy
                              Trial Attorney
                              Torts Branch, Civil Division
                              U.S. Department of Justice
                              P.O. Box 146
                              Benjamin Franklin Station
                              Washington, D.C. 20044-0146
                              (202) 616-4840
                              matthew.murphy@usdoj.gov

DATED: May 5, 2022